1  JOHN L. BURRIS, Esq./ State Bar #69888
   BENJAMIN NISENBAUM, Esq./State Bar #222173
2  LAW OFFICES OF JOHN L. BURRIS
   Airport Corporate Centre
3  7677 Oakport Street, Suite 1120
   Oakland, California 94621
4  Telephone:  (510) 839-5200
   Facsimile:   (510) 839-3882
5
6  Attorneys for Plaintiff JASON DEOCAMPO
   and Class-Members
7
8                       UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | JASON DEOCAMPO, individually and on          Case No. 3:05-cv-3110 TEH
12 | behalf of all others similarly situated,
                                                  **COMPLAINT FOR CLASS ACTION AND**
13 |            Plaintiffs,                        **INDIVIDUAL RELIEF FOR INJURIES**
                                                  **AND VIOLATION OF CIVIL RIGHTS.**
14 |     vs.
                                                  **JURY TRIAL DEMANDED**
15 | CITY OF VALLEJO, a municipal corporation;
   | ROBERT NICHELINI, individually and in his
16 | official capacity as Chief of Police for the CITY
   | OF VALLEJO; G. MARCUS, individually and
17 | in his capacity as a police officer for the CITY
   | OF VALLEJO; T. NICHOLS, individually and
18 | in his capacity as a police officer for the CITY
19 | OF VALLEJO; J. POTTS, individually and in
   | his capacity as a police officer for the CITY OF
20 | VALLEJO; VALLEJO POLICE OFFICERS
21 | DOES 1-100, inclusive,
22
                   Defendants.
23  _____/
24
25
                              JURISDICTION
26
27      1.    This action arises under Title 42 of the United States Code, Sections 1983 and 1988.
28 Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and

COMPLAINT FOR CLASS ACTION AND INDIVIDUAL RELIEF FOR INJURIES AND VIOLATION OF CIVIL RIGHTS    1

1343. The unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, JASON DEOCAMPO ("DEOCAMPO"), is readily recognizable as a native American male and was at all times herein mentioned a citizen of the United States residing in Solano County in California.

3. Defendant CITY OF VALLEJO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The CITY operates under its authority the Vallejo Police Department.

4. At all times mentioned herein, Defendant ROBERT NICHELINI was employed by Defendant CITY as Chief of Police for Defendant CITY. As Chief of Police, Defendant NICHELINI was a policy-making official for the City of Vallejo with the power to make official or final policy for the Vallejo Police Department. Defendant NICHELINI is being sued in his individual and official capacities.

5. At all times mentioned herein, Defendant Officer G. MARCUS ("MARCUS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

6. At all times mentioned herein, Defendant officer T. NICHOLS ("NICHOLS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

7. At all times mentioned herein, Defendant officer J. POTTS ("POTTS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

8. Plaintiffs are ignorant of the true names and capacities of Defendants VALLEJO POLICE DEPARTMENT OFFICER DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each

Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff alleges that the Defendant police officers subjected Plaintiff, and other people similarly situated, to pre-arraignment strip and/or visual body cavity searches without having a reasonable suspicion that the searches would result in the discovery of weapons or contraband; and/or conducted the strip and/or visual body cavity searches in a manner that was observable to other persons not officially participating in the search; and/or performed repeated strip and/or body cavity searches without any reasonable suspicion that Plaintiff, and people similarly situated, had acquired contraband; and/or strip searched Plaintiff and people similarly situated following return from Court appearances at which such detainees were ordered released on their own recognizance, or their cases were dismissed. Plaintiff will amend his complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

9     In engaging in the conduct described herein, Defendant police officers and the Chief of Police acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

10.   The acts and omissions of Defendants as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CITY OF VALLEJO and its police department.

11.   Class action Plaintiffs are those similarly situated who, during the period, two (2) years before the filing of this Complaint and continuing to this date were subjected by Defendants to pre-arraignment strip and/or visual body cavity searches without having a reasonable suspicion that the searches would result in the discovery of weapons or contraband; and/or conducted the strip and/or visual body cavity searches in manner that was observable to other persons not officially participating in the search; and/or performed repeated strip and/or body cavity searches without any reasonable suspicion that Plaintiff, and people similarly situated, had acquired contraband; and/or

strip searched Plaintiff and people similarly situated following return from Court appearances at which such detainees were ordered released on their own recognizance, or their cases were dismissed.

12. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## STATEMENT OF FACTS

13. Plaintiff JASON DEOCAMPO, an honorably discharged United States Air Force Senior Airman, was arrested on May 31, 2006, at about 9:00 p.m., by Defendant Officers NICHOLS and MARKUS. Plaintiff was in the area of Mark and Janice Streets in Vallejo, California when the officers arrested him on misdemeanor allegations resisting a peace officer and being under the influence. Defendant Officers NICHOLS and MARKUS handcuffed Plaintiff and conducted a pat-search of Plaintiff upon arrest. The search revealed no contraband in Plaintiff's possession. Plaintiff alleges that Defendant Officers NICHOLS and MARKUS had no factual basis to believe that Plaintiff was involved in illegal drug activity at the time he was arrested by the Defendant Officers. Defendant Officers NICHOLS and MARKUS alleged in their police report that Plaintiff had violated their command to leave the immediate area of Mark and Janice Streets, resisted the officers when ordered to remove his hands from his pockets, and that Plaintiff had symptoms consistent with marijuana intoxication. Plaintiff denies that he resisted the officers and denies that he was under the influence of any illegal substance, contraband, or alcohol.

14. Plaintiff was transported from the scene of the arrest to the Vallejo Police Department following the pat search conducted by Defendant Officers MARCUS and NICHOLS. Upon arrival at the Vallejo Police Department, Plaintiff observed Defendant Officer POTTS walk over to Defendant Officer NICHOLS. Plaintiff is familiar with Defendant Officer POTTS, who is and was at the time of Plaintiff's arrest in the instant-matter a defendant in a civil lawsuit brought by Plaintiff. Defendant Officer POTTS taunted Plaintiff by telling him, "Yeah, we got you. What are you gonna do now?" Defendant Officer POTTS told Defendant Officers MARCUS and NICHOLS "You gotta watch him. He thinks he's smart. We've been trying to get him." Other than the fact that Plaintiff is in the midst of a civil lawsuit against Defendant Officer POTTS, Defendant Officer POTTS' comment that the Vallejo police had been trying to "get" Plaintiff was inexplicable to Plaintiff. Plaintiff alleges that

Defendant Officer POTTS falsely told the Defendant Officers that Plaintiff is a known narcotics dealer.

15. Plaintiff was placed alone in a holding cell at the Vallejo Police Department and the handcuffs were removed from Plaintiff. Shortly thereafter, Defendant Officers MARCUS and NICHOLS returned to the cell. To Plaintiff's shock and consternation, Defendant Officer MARCUS and NICHOLS ordered Plaintiff to take off his clothes. Plaintiff objected to the Defendant Officers' command, and accurately told the officers that he was not on probation or parole, and that there was no reason for him to strip naked for the defendant officers. Only the two Defendant Officers and Plaintiff were in the cell. Plaintiff also noticed that the cell had a video surveillance camera. Plaintiff alleges that the events that occurred in the cell were recorded by the video surveillance camera located in the cell.

16. Defendant Officer MARKUS told Plaintiff that because Plaintiff was in a police station, the officers had the right to take Plaintiff's clothes off. Defendant Officer NICHOLS told Plaintiff: "I guess we're going to have to do this how we did it in the City." Defendant Officer NICHOLS added, "I like this." Plaintiff understood the reference to "the City" to mean "San Francisco."

17. Defendant Officer MARCUS told Plaintiff, "You gotta strip." Defendant Officer NICHOLS ordered Plaintiff to turn around, and at the Defendant Officers' command Plaintiff removed his clothes and stripped naked. Plaintiff had been wearing khaki shorts, a khaki shirt, a windbreaker, and boxer shorts.

18. Plaintiff stood stark naked in front of Defendant Officers MARCUS and NICHOLS in the holding cell. Defendant Officer MARCUS ordered Plaintiff to lift his scrotum. Plaintiff complied. Defendant Officer NICHOLS ordered Plaintiff to turn around, and Defendant Officer MARCUS then ordered Plaintiff to bend over and cough. Plaintiff complied. Throughout, no object, substance or any other item foreign to Plaintiff's body was located.

19. Defendant Officer MARCUS then ordered Plaintiff to bend over and cough again. Plaintiff verbally objected, but complied with the officer's command. Defendant Officer MARCUS ordered Plaintiff to "do it again." Plaintiff was shocked at the repeated demands that he expose his

private areas multiple times to Defendant Officers MARCUS and NICHOLS. Plaintiff believed that the officers repeated demands exceeded any legitimate police search of Plaintiff.

20.  Defendant Officer NICHOLS then handcuffed Plaintiff with his hands behind his back. Defendant Officer NICHOLS stood behind Plaintiff and kicked Plaintiff's legs apart. Defendant Officer NICHOLS then kicked Plaintiff's knees from behind, which forced Plaintiff to the ground.

21.  Defendant Officer NICHOLS moved and stood in front of Plaintiff. He placed Plaintiff's head between his knees and bent over the top of Plaintiff's back with his head over Plaintiff's naked buttocks. Defendant Officer NICHOLS then sexually battered Plaintiff by spreading Plaintiff's butt-cheeks apart and exposing Plaintiff's anus. Defendant Officer NICHOLS remarked: "He's still a virgin."

22.  Plaintiff was shocked, humiliated, offended, and violated at the perverted sexual abuse of Defendant Officer NICHOLS and MARCUS.

23.  As with the previous searches of Plaintiff, no contraband, illegal substance, or any foreign substance was discovered. Plaintiff's handcuffs were removed and he dressed. Plaintiff was subsequently charged with resisting a peace officer and public intoxication. Charges are pending.

24.  Plaintiff is informed and believes, and on that basis alleges, that Defendants routinely, following their policy, practice, and custom of subjecting pre-arraignment detainees, including Plaintiff, and all those he represents, to strip and visual body cavity searches without first having, or recording in writing, a reasonable suspicion that either Plaintiff possessed contraband or weapons, or that the search would produce contraband or weapons. Plaintiff is further informed and believes, and thereon alleges, that Defendants routinely followed their policy, practice, and custom of conducting the complained of searches in the presence of persons not officially participating in the searches; and/or performed repeated strip and/or body cavity searches without any reasonable suspicion that Plaintiff, and people similarly situated, had acquired contraband; and/or strip searched Plaintiff and people similarly situated following return from Court appearances at which such detainees were ordered released on their own recognizance, or their cases were dismissed.

25.  Defendant Chief of Police ROBERT NICHELINI is personally responsible for the promulgation and continuation of the strip search policy, practice, and custom pursuant to which Plaintiff, and others similarly situated, were strip and/or visual body cavity searches as described herein.

26.  As a result of being subjected to the strip and/or visual body cavity searches complained of herein, Plaintiff and others similarly situated whom Plaintiff represents, suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and federal civil rights, and are entitled to recover damages according to proof.

## CLASS ALLEGATIONS

27.  The strip and visual body cavity searches to which Plaintiff, and those similarly situated, were subjected were performed pursuant to policies, practices, and customs of Defendants CITY, CHIEF NICHELINI, and the individual police officers sued herein as DOES 1 through 100. The complained of searches were performed without regard to the nature of the alleged offenses for which Plaintiff, and people similarly situated, had been arrested, without regard to whether or not Plaintiff, or those he represents, was eligible for cite and release pursuant to Penal Code section 853.6, without regard to whether or not Plaintiff, and each person similarly situated, was eligible for, and/or was, released on their own recognizance. The searches complained of herein were performed without Defendants having a reasonable belief that the Plaintiff, or those similarly situated, possessed weapons or contraband, with those specific facts being articulated and recorded in a supervisor-approved document. In addition, the searches complained of herein were repetitive and without any reasonable belief that Plaintiff, or those similarly situated who Plaintiff represents, had acquired contraband in the intervening time between strip searches.

28.  Plaintiff brings this action on his own behalf and on behalf of all persons similarly situated pursuant to FRCP 23.

29. The Class is defined of all persons who, in the period from and including two (2) years prior to the filing of this Complaint, and continuing until this matter is adjudicated and the practices complained of herein cease, were arrested and subjected to a pre-arraignment strip and/or visual body cavity search by Vallejo Police officers or other City of Vallejo personnel.

30. The conduct of Defendants with respect to Plaintiff DEOCAMPO, and others similarly situated whom he represents, as described herein, was also pursuant to the customs, policies, and/or practices set forth in the preceding paragraphs and as further described below.

31. In accordance with F.R.Civ.P. 23, Plaintiff is informed and believe and thereon allege, that the class is so numerous that joinder of all members is impracticable. Plaintiff does not know the exact number of class members.

32. Plaintiffs are informed and believe and thereon allege, these inappropriate and illegal searches and customs, policies, and/or practices have existed for years and will continue to affect more potential class members in the future.

33. There are questions of law and fact common to the class of plaintiffs, including but not limited to: the legality of strip searching individuals without Defendants having a reasonable belief that the Plaintiff, or those similarly situated, possessed weapons or contraband, with those specific facts being articulated and recorded in a supervisor-approved document. In addition, the searches complained of herein were repetitive and without any reasonable belief that Plaintiff, or those similarly situated who Plaintiff represents, had acquired contraband in the intervening time between strip searches, as well as Defendant City of Vallejo's training program and written policies with respect to strip searches, including both visual and physical body cavity searches.

34. The claims of the representative Plaintiff DEOCAMPO are typical of the claims of the class of plaintiffs. Representative Plaintiff DEOCAMPO has the same interests and has suffered the same type of injuries as all of the class members. The claims of Plaintiff DEOCAMPO and the class

members arise from the same customs, policies, and/or practices of the Defendants that have damaged all class members. Plaintiff DEOCAMPO's interests are consistent with, and not antagonistic to, the interests of the class.

35. The named Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff's counsel is experienced in litigating federal civil rights cases, including cases against the City of Vallejo, alleging unlawful and inappropriate searches. Counsel has the resources and expertise to prosecute this action.

36. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, and would establish incompatible standards of conduct for Defendants.

37. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive and declaratory relief with respect to the class as a whole appropriate.

38. Additionally, prosecution of separate actions would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members who are not parties, or would substantially impair or impede their ability to protect their interests.

**FIRST CAUSE OF ACTION**
(42 U.S.C. Section 1983)
(Against Defendants MARCUS, NICHOLS, POTTS and DOES 1-50)

39. Plaintiff hereby re-allegeS and incorporateS by reference herein all other paragraphs of this Complaint.

40. In doing the acts complained of herein, Defendants MARCUS, NICHOLS, POTTS and DOES 1-50, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, ROBERT NICHELINI, and DOES 51-100)

41. Plaintiffs hereby re-allege and incorporate by reference herein all other paragraphs of this Complaint.

42. Plaintiff is informed and believes and thereon alleges that high ranking City of Vallejo officials, including high ranking police supervisors, such as Defendant ROBERT NICHELINI, DOES 51 through 100, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendants MARCUS, NICHOLS, POTTS, and DOES 51-100, and/or each of them, including strip searches and anal-cavity searches without legal justification.

43. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants NICHELINI, DOES 51-100, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

44. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MARCUS, NICHOLS, POTTS and DOES 1-50, and/or each of them, Defendant NICHELINI, DOES 51-100, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Vallejo officials, including high ranking City of Vallejo Police Department supervisors, Defendants NICHELINI, DOES 51-100, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

46. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Against Defendant CITY OF VALLEJO)

47. Plaintiff hereby realleges and incorporates by reference herein all other paragraphs of this Complaint.

48. As against Defendant CITY, Defendant NICHELINI, and/or DOES 51-100 in his/their capacity as official policy-maker(s) for the CITY OF VALLEJO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

49. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, NICHELINI, DOES 51-100, and each of them, to repeated acts of police misconduct, including intrusive, humiliating, visual strip and anal cavity searches without having a

reasonable belief that the Plaintiff, or those similarly situated, possessed weapons or contraband, with those specific facts being articulated and recorded in a supervisor-approved document, which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant NICHELINI, DOES 51-100, and each of them.

50. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant NICHELINI, DOES 51-100, and each of them.

51. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant VALLEJO Police Department.

52. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant NICHELINI, DOES 51-100, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants MARCUS, NICHOLS, POTTS, and DOES 1-50, and/or each of them.

53. The aforementioned customs, policies or practices of Defendant CITY, Defendant NICHELINI, DOES 51-100, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

54. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

55. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00 each;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 and other applicable law;
5. For cost of suit herein incurred; and
6. For injunctive relief, including but not limited to the following:

    i. An order declaring Respondents' customs, policies, and/or practices concerning strip and/or visual body cavity searches of people detained and/or arrested by Vallejo Police law enforcement officers and/or employees to be unlawful;

    ii. An order prohibiting Respondents and their officers from unlawfully interfering with the rights of Claimant, class members, and other people to be free from unreasonable searches and seizures and serious invasions of privacy;

    iii. An order requiring Respondents to rescind any and all of their policies, practices, procedures, and/or customs allowing unlawful strip and/or visual body cavity searches of people detained and/or arrested by Vallejo Police law enforcement officers and/or employees;

    iv. An order requiring Respondents to institute and enforce appropriate and lawful policies and procedures prohibiting unlawful strip and/or visual body cavity searches of people detained and/or arrested by Vallejo Police law enforcement officers and/or employees;

   v.   An order requiring Respondents to train all officers and personnel of the Vallejo Police Department concerning unlawful strip and/or visual body cavity searches of people detained and/or arrested by Vallejo Police law enforcement officers and/or employees.

7. For such other and further relief as the Court deems just and proper.

Dated: April 27, 2007

The Law Offices of John L. Burris

/s/ *John L. Burris*
John L. Burris, Esq.
Attorney for Plaintiff DEOCAMPO and class members