FREDERICK G. SOLEY
City Attorney, SBN 100270
**ALESIA JONES-MARTIN**
Assistant City Attorney, SBN 154420
**CITY OF VALLEJO,** City Hall
555 Santa Clara Street, Third Floor
P.O. Box 3068
Vallejo, CA  94590
(707) 648-4545   FAX:  (707) 648-4687

Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS, and J. POTTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO, | Case No. 2:07-CV-01348-LEW-EFB |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendants CITY OF VALLEJO, ROBERT W. NICHELINI, GEORGE MARCUS, TIMOTHY NICOLS, and JASON POTTS answer the Plaintiff's Complaint as follows:

1.   Answering the first paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

2.   Answering the second paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

3.   Answering the third paragraph of the Complaint, the Defendants admit the allegations contained therein.

4. Answering the fourth paragraph of the Complaint, the Defendants admit the allegations contained therein.

5. Answering the fifth paragraph of the Complaint, the Defendants admit the allegations contained therein.

6. Answering the sixth paragraph of the Complaint, the Defendants admit the allegations contained therein.

7. Answering the seventh paragraph of the Complaint, the Defendants admit the allegations contained therein.

8. Answering the eighth paragraph of the Complaint, the Defendants deny the allegations contained therein.

9. Answering the ninth paragraph of the Complaint, the Defendants deny the allegations contained therein.

10. Answering the tenth paragraph of the Complaint, the Defendants deny the allegations contained therein.

11. Answering the eleventh paragraph of the Complaint, the Defendants deny the allegations contained therein.

12. Answering the twelfth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

13. Answering the thirteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

14. Answering the fourteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

15. Answering the fifteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

16. Answering the sixteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

17. Answering the seventeenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

18. Answering the eighteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

19. Answering the nineteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

20. Answering the twentieth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

21. Answering the twenty-first paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

22. Answering the twenty-second paragraph of the Complaint, the Defendants deny the allegations contained therein.

23. Answering the twenty-third paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

24. Answering the twenty-fourth paragraph of the Complaint, the Defendants deny the allegations contained therein.

25. Answering the twenty-fifth paragraph of the Complaint, the Defendants deny the allegations contained therein.

26. Answering the twenty-sixth paragraph of the Complaint, the Defendants deny the allegations contained therein.

### **CLASS ALLEGATIONS**

27. Answering the twenty-seventh paragraph of the Complaint, the Defendants deny the allegations contained therein.

28. Answering the twenty-eighth paragraph of the Complaint, the Defendants deny the allegations contained therein.

29. Answering the twenty-ninth paragraph of the Complaint, the Defendants deny the allegations contained therein.

30. Answering the thirtieth paragraph of the Complaint, the Defendants deny the allegations contained therein.

31. Answering the thirty-first paragraph of the Complaint, the Defendants deny the allegations contained therein.

32. Answering the thirty-second paragraph of the Complaint, the Defendants deny the allegations contained therein.

33. Answering the thirty-third paragraph of the Complaint, the Defendants deny the allegations contained therein.

34. Answering the thirty-fourth paragraph of the Complaint the Defendants deny the allegations contained therein.

35. Answering the thirty-fifth paragraph of the Complaint, the Defendants deny the allegations contained therein.

36. Answering the thirty-sixth paragraph of the Complaint, the Defendants deny the allegations contained therein.

37. Answering the thirty-seventh paragraph of the Complaint, the Defendants deny the allegations contained therein.

38. Answering the thirty-eighth paragraph of the Complaint, the Defendant denies the allegations contained therein.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendants MARCUS, NICHOLS, POTTS and DOES 1-50)**

39. Answering the thirty-ninth paragraph of the Complaint, Plaintiff realleges every allegation in all other paragraphs. Defendants reassert their responses to each of those paragraphs.

40. Answering the fortieth paragraph of the Complaint, and each subpart, the Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendants CITY, ROBERT NICHELINI, and DOES 51-100)**

41. Answering the forty-first paragraph of the Complaint, Plaintiff realleges every allegation in all other paragraphs. Defendants reassert their responses to each of those paragraphs.

42. Answering the forty-second paragraph of the Complaint, the Defendants deny the allegations contained therein.

43. Answering the forty-third paragraph of the Complaint, the Defendants deny the allegations contained therein.

44. Answering the forty-fourth paragraph of the Complaint, the Defendants deny the allegations contained therein.

45. Answering the forty-fifth paragraph of the Complaint, and each subpart, the Defendants deny the allegations contained therein.

46. Answering the forty-sixth paragraph of the Complaint, the Defendants admit the allegations contained therein.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendant CITY OF VALLEJO)**

47. Answering the forty-seventh paragraph of the Complaint, every allegation in all other paragraphs. Defendants reassert their responses to each of those paragraphs.

48. Answering the forty-eighth paragraph of the Complaint, the Defendants deny the allegations contained therein.

49. Answering the forty-ninth paragraph of the Complaint, the Defendants deny the allegations contained therein.

50. Answering the fiftieth paragraph of the Complaint, the Defendants deny the allegations contained therein.

51. Answering the fifty-first paragraph of the Complaint, the Defendants deny the allegations contained therein.

52. Answering the fifty-second paragraph of the Complaint, the Defendants deny the allegations contained therein.

53. Answering the fifty-third paragraph of the Complaint, and each subpart, the Defendants deny the allegations contained therein.

54. Answering the fifty-fourth paragraph of the Complaint, the Defendants admit the allegations contained therein.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense to each and every allegation and every Cause of Action set forth in the Complaint, the Defendants allege that those causes of action fail to state any claim upon which relief can be granted.

2. As a second affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation.

3. As a third affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff was negligent and careless in and about matters and events set forth in the Complaint. Plaintiff's negligence proximately contributed to his alleged injuries and damages. Any jury verdict in his favor that may be rendered in this case, therefore, must be reduced by the percentage that his negligence contributed to any of his damages or injuries.

4. As a fourth affirmative defense to Plaintiff's Causes of Action in the Complaint, the Defendants allege that they have qualified immunity from liability for matters set forth in the Complaint. (Harlow v. Fitzgerald [1982] 457 U.S. 800.) Additionally, the Defendant City of Vallejo is not liable to the Plaintiff because any allegedly wrongful action taken by the

individual officers was not pursuant to an official policy or custom.  (<u>Monell v. Department of Social Services</u> [1976] 436 U.S. 68.)

5.  As a fifth affirmative defense to Plaintiff's Causes of Action in the Complaint, the Defendants allege that any harm which came to Plaintiff was a direct and proximate cause of his own actions.

6.  As a sixth affirmative defense to Plaintiff's Causes of Action in the Complaint, the Defendants allege that any of Plaintiff's alleged damages or injuries were aggravated by his failure to use reasonable diligence to mitigate them.

7.  As a seventh affirmative defense to Plaintiff's Causes of Action in the Complaint, the Defendants allege that any of Plaintiff's damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the defendants are not responsible.  Should Plaintiff be entitled to recover under the Complaint, his recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8.  As a eighth affirmative defense to Plaintiff's Causes of Action in the Complaint, Defendants alleged they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.  <u>Act Up!/Portland v. Bagley</u>, 988 F.2d 868, 871 (9th Cir. 1993); <u>Romero v. Kitsap County</u>, 931 F.2d 624, 627 (9th Cir. 1991).

9.  As a ninth affirmative defense to Plaintiff's Causes of Action in the Complaint, Defendants allege that their actions were privileged as a matter of law.  Consequently, no liability can be cast upon them in their individual capacities.

10.  As a tenth affirmative defense to the Plaintiff's Causes of Action in the Complaint, Defendants allege that to the extent Plaintiff attempts to allege state claims, these claims are barred pursuant to California Government Code sections 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4.  Said sections are pleaded as though fully set forth herein.

11. As an eleventh affirmative defense to the Plaintiff's Causes of Action in the Complaint, Defendants allege that the Plaintiff's arrest and/or detention was made with probable cause.

12. As a twelfth affirmative defense to the Plaintiff's Causes of Action in the Complaint, Defendants allege that any search or seizure of the Plaintiff or his property was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against these Defendants.

13. As a thirteenth affirmative defense to the Plaintiff's Causes of Action in the Complaint, Defendants allege that Plaintiff's claims for punitive damages are barred by provisions of Government Code section 818 and <u>Newport v. Fact Concert, Inc.</u>, 453 U.S. 247 (1981).

14. As a fourteenth affirmative defense to the Plaintiff's Causes of Action in the Complaint, Defendants allege that Plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

15. As a fifteenth affirmative defense to the Plaintiff's Causes of Action, the Defendants allege that the Plaintiff is not representative of a well defined class of similarly situated persons.

16. As a sixteenth affirmative defense to the Plaintiff's Causes of Action, the Defendants allege that the number of persons in the alleged class is not so numbers that joinder is impracticable.

17. As a seventeenth affirmative defense to the Plaintiff's Causes of Action, the Defendants allege that the Plaintiff cannot fairly and adequately protect the interests of all members of the alleged class.

18. As an eighteenth affirmative defense to the Plaintiff's Causes of Action, the Defendants allege there is no risk that separate lawsuits of each alleged class member would impose incompatible standards of conduct on the Defendant through inconsistent adjudication.

1  19. As a nineteenth affirmative defense to the Plaintiff's Causes of Action, the Defendants allege that a class action is not superior to individual lawsuits resolving this dispute.

### DEMAND FOR JURY

Defendants hereby demand a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR JUDGMENT

The Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. Defendants have a judgment against the Plaintiff; and,
4. For such other and further relief as this Court deems proper.

DATED: July 27, 2007         /s/ - Alesia Jones-Martin
ALESIA JONES-MARTIN
Assistant City Attorney
Attorney for Defendants,
CITY OF VALLEJO, et al.