```
 1  FREDERICK G. SOLEY
    City Attorney, SBN 100270
 2  ALESIA JONES-MARTIN
    Assistant City Attorney, SBN 154420
 3  CITY OF VALLEJO, City Hall
    555 Santa Clara Street, Third Floor
 4  P.O. Box 3068
    Vallejo, CA   94590
 5  Tel:  (707) 648-4545   Fax:  (707) 648-4687

 6  Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T.
    NICHOLS, and J. POTTS
 7
    BENJAMIN NISENBAUM, ESQ. (SBN222173)
 8  Law Offices of John L. Burris
    Airport Corporate Centre
 9  7677 Oakport Street, Suite 1120
    Oakland, CA 94621
10  Tel:  (510) 839-5200   Fax: (510) 839-3882

11  Attorney for Plaintiff, JASON DEOCAMPO
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO, | Case No. 2:07-CV-01348-LEW-EFB |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff JASON DEOCAMPO and Defendants CITY OF VALLEJO, ROBERT W. NICHELINI, GEORGE MARCUS, TERRY NICHOLS and JASON POTTS submit the following Joint Status Report:

(a)   This is an action for damages for unlawful arrest and infringement of civil rights. This action is brought pursuant to 42 U.S.C. section 1983.  The Plaintiff seeks

class certification based on numerosity of people similarly situated to the Plaintiff who have been subject to strip and/or visual body cavity searches by Vallejo police officers pursuant to alleged unconstitutional policy permitting strip searches of people arrested by Vallejo police officers without having a reasonable suspicion that the searches would result in the discovery of weapons or contraband; and/or permitting the strip and/or visual body cavity searches in manner that was observable to other persons not officially participating in the search; and/or permitting repeated strip and/or body cavity searches without any reasonable suspicion that Plaintiff, and people similarly situated, had acquired contraband.

(b) All of the parties have been served and have appeared in the case.

(c) No joinder of additional parties is anticipated.

(d) Amendment of the pleadings is not contemplated at this time.

(e) Jurisdiction is based upon Title 28 of the United States Code, Sections 1331 and 1343.

(f) Anticipated Motions and the Scheduling of Motions:

  (1) Plaintiff anticipates filing a motion for class certification and a motion for summary adjudication seeking a declaration that the CITY's policy pertaining to strip and/or visual body cavity searches is unconstitutional.

  (2) Defendants anticipate filing a Motion for Summary Judgment upon close of discovery.

(g) Anticipated discovery and the scheduling of discovery, including:

  (1) The parties do not believe any changes should be made to Rule 26(a). Disclosures made under Rule 26(a)(1) will be made within 30 days of this report.

  (2) Subjects on which discovery may be needed:

    A. Discovery is needed with regard to the underlying incident, including the eyewitnesses to the incident. Discovery is needed

|   |   |   |
|---|---|---|
| 1 |   | with respect to plaintiff's Monell claim.  Plaintiff will seek discovery of video footage in possession of Defendants depicting the interior of holding cells at the CITY OF VALLEJO police station. |
| 5 | B. | The parties have agreed to conduct written discovery pursuant to code; the parties have also agreed to make all parties and eyewitnesses available for deposition. |
| 8 | C. | The parties suggest that expert witnesses be disclosed seventy-five days prior to trial. |
| 10 | D. | The parties request that discovery remain open until thirty days prior to trial. |
| 12 | (3) | The parties do not anticipate any changes or limitations on discovery need be imposed under the Civil Rules or otherwise. |
| 14 | (4) | The parties suggest that expert witnesses be disclosed seventy-five days prior to trial. |
| 16 | (h) | The parties request that discovery remain open until thirty days prior to trial. The parties propose that all non-discovery motions shall be filed by July 6, 2008. The parties propose the final pre-trial conference be held in the week of October 20, 2008, that trial commence on March 9, 2009. |
| 20 | (i) | The parties do not see the need for any special procedures at this time. |
| 21 | (j) | The parties estimate that trial will take 10-15 days; both parties have demanded a jury trial. |
| 23 | (k) | The parties do not propose any modification of standard pretrial procedures at this time. |
| 25 | (l) | There are no related cases. |
| 26 | (m) | The parties are willing to participate in a Settlement Conference. |
| 27 | (n) | There are no other matters of which the parties are aware. |

| | | |
|---|---|---|
| DATED: | September 10, 2007 | /s/ - Alesia Jones-Martin |
| | | ALESIA JONES-MARTIN |
| | | Assistant City Attorney |
| | | Attorney for Defendants, |
| | | CITY OF VALLEJO, et al. |
| | | |
| DATED: | September 10, 2007 | /s/ - Benjamin Nisenbaum |
| | | BENJAMIN NISENBAUM |
| | | Attorney for Plaintiff, |
| | | JASON DEOCAMPO |