1  FREDERICK G. SOLEY
   City Attorney, SBN 100270
2  **ALESIA JONES-MARTIN**
   Assistant City Attorney, SBN 154420
3  **CITY OF VALLEJO,** City Hall
   555 Santa Clara Street, Third Floor
4  P.O. Box 3068
   Vallejo, CA   94590
5  (707) 648-4545    FAX:  (707) 648-4687

6  Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS, and J. POTTS
7

8                         UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11 | JASON DEOCAMPO,                    )   **Case No. 2:07-CV-01348-LEW-EFB**
                                        )
12 |          Plaintiff,                )
                                        )   **STIPULATED PROTECTIVE ORDER**
13 |     v.                             )   **REGARDING USE OF VALLEJO**
                                        )   **POLICE DEPARTMENT RECORDS**
14 | CITY OF VALLEJO; ROBERT            )
     NICHELINI; G. MARCUS;              )
15   T. NICHOLS; J. POTTS; and          )
     DOES 1-100, inclusive,             )
16                                      )
                                        )
17 |          Defendants.               )
     _____    )

18

19         Counsel for Plaintiff and counsel for Defendants agree that the following categories of
20 documents pertaining to Defendants Marcus, Nichols and Potts will be produced pursuant to
21 Stipulated Protective Order: (1) Documents relating to training; (2) documents relating to
22 appraisal and discipline; (3) documents relating to education and employee advancement; and
23 (4) documents relating to complaints and investigations of excessive force, racial animus,
24 discourteousness or use of profanity.  Plaintiff Jason DeOcampo and Defendants Marcus,
25 Nichols and Potts, by and through their respective counsel of record, hereby stipulate to the entry
26 of the following Stipulated Protective Order regarding the disclosure of the above stated
27 documents:
28

**Case No. 2:07-CV-01348-LEW-EFB**                                  **STIPULATED**
                                    - 1 -                           **PROTECTIVE ORDER**

1.      The documents produced pursuant to this Stipulated Protective Order are confidential. Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable law.

2.      Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Material designated as confidential under this order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Plaintiff and his counsel and agents shall not disclose, release or otherwise publish any confidential material except as necessary in this litigation.

4.      Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to a party to this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    A.  Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    B.  Court reporters employed in this action;

    C.  A witness at any deposition or proceedings in this action other than the subject officers; and

    D.  Any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

1       5.      The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

2       6.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.  Receipt by any party of any confidential information shall not be either an admission or claim that the information is private, confidential, proprietary, and/or trade secret, as asserted by the propounding party, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

3       7.      This Order shall be without prejudice to the right of the parties to: (1) Bring before the Court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or (2) present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

4       8.      Nothing in this Order nor the production of any information or document under the terms of this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

5       9.      This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not and does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever first occurs, Plaintiff and his counsel shall return to counsel for Defendants at its business address, 555 Santa Clara Street, P.O. Box 3068, Vallejo, California 94590, all confidential materials and any and all copies thereof.

**IT IS SO STIPULATED.**

DATED:  12/11/07                /s/ - Alesia Jones-Martin
　　　　　　　　　　　　　　　　ALESIA JONES-MARTIN
　　　　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　CITY OF VALLEJO, et al.


DATED:  12/11/07                /s/ - Benjamin Nisenbaum
　　　　　　　　　　　　　　　　BENJAMIN NISENBAUM
　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　JASON DEOCAMPO


**IT IS SO ORDERED.**

DATED:  _____
　　　　　　　　　　　　　　　　HONORABLE RONALD S.W. LEW
　　　　　　　　　　　　　　　　Judge of the United States District Court