**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel:  (707) 648-4545
Fax:  (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO,<br><br>              Plaintiff,<br>   vs.<br><br>CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive,<br><br>              Defendants. | Case No. 2:07-CV-01348-JAM-EFB<br><br>**NOTICE OF LIFTING AUTOMATIC STAY** |

TO: THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

On May 23, 2008, pursuant to 11 U.S.C. §§ 362 and 922 (the "Automatic Stay"), the above-captioned case or proceeding was automatically stayed as to the City of Vallejo, California (the "City") by the City's filing of a petition under chapter 9 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"), case number 2008-26813.

PLEASE TAKE NOTICE that pursuant to 11 U.S.C. §§ 362, 944, and 524, on August 5, 2011, the Bankruptcy Court approved the City's plan of adjustment ("Confirmed Plan"). A copy of the City's notice of entry of order, with Confirmed Plan included, is attached hereto as Exhibit A. The terms of the Confirmed Plan are binding on all creditors, including Plaintiff in this

case/proceeding.

PLEASE TAKE FURTHER NOTICE that the Confirmed Plan provided (on page 45) that upon the "Effective Date," the City would be discharged from all its debts other than those excepted from discharge by the Confirmed Plan or by statute. The Effective Date occurred on November 1, 2011. A copy of the Notice of Effective Date is attached hereto as Exhibit B.

PLEASE TAKE FURTHER NOTICE that after the City's debts were discharged on the Effective Date, the automatic stay expired but a prospective discharge injunction now operates to bar creditors from recovering anything on their discharged claims beyond the treatment of their claims in the Confirmed Plan. *See* 11 U.S.C. §§ 362(c)(2)(C), 524, 944; Confirmed Plan 45; *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 781 (B.A.P. 9th Cir. 1999); *Hurley v. Bredehorn*, 44 Cal. App. 4th 1700, 1703 (1996).

PLEASE TAKE FURTHER NOTICE that this case or proceeding was classified in the Confirmed Plan as a Class 7 General Liability Claim, making Plaintiff herein general unsecured creditors of the City. The Confirmed Plan provides that Class 7 creditors like Plaintiff would be allowed to prosecute their lawsuits against the City following the lifting of the automatic stay. The Confirmed Plan also provides, that any judgment subsequently obtained by Plaintiff would receive the same treatment as the claims held by all other unsecured creditors, a recovery estimated to be 20 to 30 cents on the dollar of Plaintiff's allowed claims.

PLEASE TAKE FURTHER NOTICE that on April 27, 2012, the City objected to Plaintiff's proof of claim in the Bankruptcy Court. On August 2, 2012, the Bankruptcy Court stayed the City's objection "pending resolution of the litigation in district court" for the purpose of establishing the amount of Plaintiff's claim against the City. The Bankruptcy Court then ordered that "when that litigation is finally resolved, the debtor shall come back to this court for entry of an order on this claim objection consistent with the disposal of the claims by the district court." A copy of the Bankruptcy Court's August 2, 2012 order is attached hereto as Exhibit C.

NOW THEREFORE the City respectfully submits that proceedings in this Court should resume in light of (1) the automatic stay being lifted and (2) the Bankruptcy Court having stayed the City's objection to Plaintiff's bankruptcy proof of claim. Once Plaintiff's claims have been

1  reduced to judgment (whether by litigation or dismissal of this case), the City will return to the
2  Bankruptcy Court for entry of an order resolving Plaintiff's claim against the City in a manner
3  consistent with the terms of the Confirmed Plan.

5  DATED:  February 13, 2013                    Respectfully submitted,

7                                               /s/ - Furah Z. Faruqui
                                                FURAH Z. FARUQUI
8                                               Deputy City Attorney
                                                Attorneys for Defendants,
9                                               CITY OF VALLEJO, ROBERT NICHELINI,
10                                              G. MARCUS, T. NICHOLS and J. POTTS