**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:    FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO,<br><br>       Plaintiff,<br><br> vs.<br><br>CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive,<br><br>      Defendants. | Case No.  2:07-CV-01348-JAM-EFB<br><br>**DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS**<br><br><br>**Date:**   October 9, 2013<br>**Time:**   10:00 a.m.<br>**Courtroom:** 8, Hon. Edmund F. Brennan |

Defendants CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS ("Defendants") hereby move for an order compelling Plaintiff to respond to the duly issued Written Interrogatories and Request for Production of Documents issued on May 22, 2013.

### I.

### FACTUAL BACKGROUND

Plaintiff Jason DeoCampo filed his Complaint for Class Action and Individual Relief for Injuries and Violation of Civil Rights on July 12, 2007, seeking monetary damages from Defendants.    Plaintiff alleges that Defendants Robert Nichelini, George Marcus, Timothy

1  Nichols and Jason Potts, violated his right to be free of unreasonable search and seizures as

2  guaranteed by the Fourth and Fourteenth Amendment, related to an arrest occurring on May 13,

3  2006.  (*See* Complaint, 10:1-2.)

4        Plaintiff DeoCampo alleges that on May 31, 2006, at about 9:00 p.m., he was arrested by

5  Defendant Officers Nichols and Marcus.  At that time, Plaintiff was in the area of Mark and

6  Janice Streets in Vallejo, California when the Officers arrested him on misdemeanor allegations

7  of resisting a peace officer and being under the influence.  According to DeoCampo, Defendant

8  Officers Nichols and Marcus handcuffed Plaintiff and conducted a pat-search of Plaintiff upon

9  arrest.  The search revealed no contraband in Plaintiff's possession.  Plaintiff alleges that

10  Defendant Officers Nichols and Marcus had no factual basis to believe that Plaintiff was

11  involved in illegal drug activity at the time he was arrested by the Defendant Officers.

12  (Complaint, ¶13.)

13        Upon arrival to the Vallejo Police Department, Plaintiff asserts that he was placed alone

14  in a holding cell and handcuffs were removed from Plaintiff.  Shortly thereafter, Defendant

15  Officers Marcus and Nichols returned to the cell.  According to Plaintiff, Defendants Officer

16  Marcus and Nichols ordered Plaintiff to take off his clothes.  Plaintiff objected to the Defendant

17  Officers' commands, and informed the officers that he was not on probation or parole, and that

18  there was no reason for him to strip naked for the defendant officers.  At this time, only

19  Defendant Officers and Plaintiff were in the cell.  Plaintiff also noticed that the cell had a video

20  surveillance camera.  Plaintiff alleges that the events that occurred in the cell were recorded by

21  the video surveillance camera located in the cell. Plaintiff asserts that he was strip searched in

22  violation of his civil rights and seeks monetary damages. (Complaint, ¶15.)

## II.

### PROCEDURAL BACKGROUND

25        In 2008, the City of Vallejo suffered financial peril resulting in bankruptcy.  As a

26  consequence, on May 28, 2008, a notice of bankruptcy stay was filed staying the proceedings.

27  On February 13, 2013, Defendants lifted the stay.  Thereafter, this Court issued a discovery and

28

---

Case No. 2:07-CV-01348-JAM-EFB

**DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

scheduling order on April 15, 2013, indicating that all discovery must be completed by December 13, 2013.

On May 22, 2013, Defendants served on Plaintiff DeoCampo Written Interrogatories pursuant to Federal Rule of Civil Procedure 33 and Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34.  (*See* Declaration of Furah Z. Faruqui at ¶2 (hereinafter "Faruqui Declaration").)   Pursuant to FRCP 33(b)(2) and FRCP 34(b)(2)(A), Plaintiff had thirty days in which to respond, which was June 22, 2013.   The Defendants did not receive any responses from Plaintiff prior to that date or at any time thereafter.  (Faruqui Declaration, at ¶3.)

Consequently, on July 23, 2013, defense counsel sent a meet and confer letter to Plaintiff requesting that he respond to discovery responses no later than August 2, 2013.  As of the date of this motion, no responses were ever received.

Through the instant motion, the Defendants ask that the court issue an order compelling Plaintiff to respond to the written discovery issued on May 22, 2013.

### III.

### LEGAL AUTHORITY

#### A.   A MOTION TO COMPEL IS PROPER FOR FAILURE TO RESPOND TO DULY PROPOUNDED DISCOVERY REQUESTS

It is well established that a party to a lawsuit is allowed to seek discovery on any relevant, non-privileged item.  (*See* F.R.C.P. 26(b)(1).)  If a party fails to respond to written discovery, Federal Rule of Civil Procedure allows the requesting party to bring a motion to compel.

Here, the Defendants issued Written Interrogatories pursuant to FRCP 33 and Request for Production of Documents pursuant to FRCP 34 on May 22, 2013.  (*See* Faruqui Declaration, at ¶2.)  This written discovery requested information related to the facts and circumstances of Plaintiff's complaint, information about medical treatment and other damages, documents supporting plaintiff's claim and other basic information directly relevant to the claims herein. (*See* Faruqui Declaration, at ¶2 at Exhibits A and B.)

1   Plaintiff failed to respond to these discovery requests. (Faruqui Declaration, ¶3.) As a
2   result, on July 23, 2013, Defense counsel sent a meet and confer letter to Plaintiff requesting that
3   he respond to discovery responses no later than August 2, 2013.

4   As of the date of this motion, the Defendants have not received any discovery responses
5   from Plaintiff. (Faruqui Declaration, ¶5.) As a result, the Defendants' efforts to prepare an
6   informed defense have been thwarted. For this reason, an order to compel is just and proper.

7                                        **IV.**

8                          **REQUEST FOR SANCTIONS**

9   Pursuant to FRCP 37(a)(5)(A), a party may seek appropriate sanctions for having to file a
10  motion to compel discovery. Defendants had no alternative but to file the within motion and
11  have incurred substantial time and expense doing so. Attorneys' fees in the sum of $1000.00
12  have been incurred in the preparation of this motion. (Faruqui Declaration, ¶6.) It is anticipated
13  that an additional $1200.00 in attorneys' fees will be incurred for appearing and arguing this
14  motion. (Faruqui Declaration, ¶6.) The total of the foregoing is $2,200.00 and Defendants
15  hereby request an order not only directing Plaintiff to respond to discovery requests, but to also
16  pay Defendants sanctions in the sum of $2,200.00.

17                                       **V.**

18                              **CONCLUSION**

19  No justification has been offered for Plaintiff's refusal to comply with discovery. As a
20  result, Defendants have been forced to file the within motion and to incur the time and expense
21  related thereto. Defendants are entitled to an order directing Plaintiff to respond to discovery and
22  payment of sanctions in the sum of $2,200.00.

23  DATED: September 6, 2013                    Respectfully submitted,

24                                              _/s/ Furah Z. Faruqui_____
25                                              FURAH Z. FARUQUI
                                                Deputy City Attorney
26                                              Attorney for Defendants,
                                                CITY OF VALLEJO, ROBERT NICHELINI,
27                                              G. MARCUS, T. NICHOLS and J. POTTS

28

Case No. 2:07-CV-01348-JAM-EFB                    **DEFENDANTS' MOTION TO**
                                                  **COMPEL DISCOVERY**
                                                  **RESPONSES; MEMORANDUM**
                                                  **OF POINTS AND AUTHORITIES**
                                                  **IN SUPPORT**