**EXHIBIT B**

CLAUDIA M. QUINTANA
City Attorney, SBN 178613
**BY:** FURAH Z. FARUQUI
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive,<br><br>                Defendants. | Case No. 2:07-CV-01348-JAM-EFB<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:** Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

**RESPONDING PARTY:** PLAINTIFF JASON DEOCAMPO

**SET NUMBER:** ONE

Pursuant to Federal Rules of Civil Procedure sections 26 and 34, Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS request that Plaintiff produce and permit inspection and photocopying of all of the documents which are described below in this set of requests for production of documents. Inspection and photocopying will take place on June 26, 2013, at 10:00 a.m., at the Office of the City Attorney,

**EXHIBIT B**

City of Vallejo, 555 Santa Clara Street, Third Floor, Vallejo, California 94590, and shall continue from day to day under such terms and conditions as are just and reasonable. In lieu of the above inspection, Plaintiff may comply with this Request by providing legible photocopies of all responsive documents on or before the scheduled inspection date. Defendant reserves the right to inspect the original of any document so produced.

Documents produced in response to this Request for Production of Documents and Things must be produced either (1) as they are kept in the usual course of business; or (2) organized and labeled to correspond with the categories in the request.

## I.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be considered applicable with respect to each request for production of documents contained herein:

1. **DOCUMENT.** As used herein, "**DOCUMENT**" shall be understood to apply to any kind of written, typewritten, printed or recorded material whatsoever, including, but without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, and business records and shall include, without limitation, originals, duplicates, all file copies, all letter copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips, photographs, audio and video tapes, computer generated data or information and similar materials.

2. **POSSESSION, CUSTODY OR CONTROL.** Each request extends to any documents in the **POSSESSION, CUSTODY OR CONTROL**, if it is in the Plaintiff's physical custody, or if it is in the physical custody or any other person and Plaintiff (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that Plaintiff may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such documents when Plaintiff has sought to do so. Such document shall include, without limitation, documents that are in the custody of Plaintiff's agents, past or present, including Plaintiff's spouse.

3. **YOU** or **PLAINTIFF**. As used herein, the term "**YOU**" or "**PLAINTIFF**" shall be deemed to include Plaintiff, Plaintiff's spouse or other agents.

4. For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

5. Whenever used herein, the singular shall include the plural and vice versa.

6. Whenever used herein, "**AND**" may be understood to mean "**OR**" and vice versa whenever such construction results in a broader request for information.

7. With respect to each document to which a claim of privilege is asserted, separately state the following: (a) the type of document; (b) its date; (c) the name, business address and present position of its originator(s); (d) the position of its originator(s) or author(s) at the time the document was prepared; (e) the name, business address and present position of each recipient of the document; (f) the position of each recipient at the time the document was prepared, and the time it was received; (g) a general description of the subject matter of the document; (h) the basis of any claim of privilege; and (i) if work product immunity is asserted, the proceeding for which the document was prepared.

8. **COMPLAINT**. As used herein, "**COMPLAINT**" refers to Plaintiff's Complaint filed in this action.

## II.
## REQUESTS

**REQUEST NO. 1**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant R. Nichelini on the night of the subject INCIDENT.

**REQUEST NO. 2**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant G. Marcus on the night of the subject INCIDENT.

//

//

**REQUEST NO. 3**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant T. Nichols on the night of the subject INCIDENT.

**REQUEST NO. 4**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant J. Potts on the night of the subject INCIDENT.

**REQUEST NO. 5**:

Please produce any and all statements of witnesses with knowledge regarding the alleged misconduct of defendant R. Nichelini on the night of the subject INCIDENT.

**REQUEST NO. 6**:

Please produce any and all statements of witnesses with knowledge regarding the alleged misconduct of defendant G. Marcus on the night of the subject INCIDENT.

**REQUEST NO. 7**:

Please produce any and all statements of witnesses with knowledge regarding the alleged misconduct of defendant T. Nichols on the night of the subject INCIDENT.

**REQUEST NO. 8**:

Please produce any and all statements of witnesses with knowledge regarding the alleged misconduct of defendant J. Potts on the night of the subject INCIDENT.

**REQUEST NO. 9**:

Please produce any and all documents reflecting injuries you claim to have sustained due to the subject INCIDENT.

**REQUEST NO. 10**:

Please produce any and all documents reflecting medical expenses you claim to have incurred due to the subject INCIDENT.

//

//

//

//

**EXHIBIT B**

**REQUEST NO. 11**:

Please produce any and all documents reflecting lost earnings you claim to have incurred due to the subject INCIDENT.

DATED: May 22, 2013

Respectfully submitted,

/s/ FURAH Z. FARUQUI
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,
G. MARCUS, T. NICHOLS and J. POTTS