JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiff JASON DEOCAMPO
and Class-Members

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEOCAMPO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, individually and in his official capacity as Chief of Police for the CITY OF VALLEJO; G. MARCUS, individually and in his capacity as a police officer for the CITY OF VALLEJO; T. NICHOLS, individually and in his capacity as a police officer for the CITY OF VALLEJO; J. POTTS, individually and in his capacity as a police officer for the CITY OF VALLEJO; VALLEJO POLICE OFFICERS DOES 1-100, inclusive,<br><br>Defendants.<br>_____ / | Case No. 2:07-CV-01348-JAM-EFB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS**<br><br>Date:  October 30, 2013<br>Time:  10:00 a.m.<br>Courtroom: 8<br><br>Honorable Edmund F. Brennan |

## INTRODUCTION

Defendants CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS, and J. POTTS ("Defendants") filed a motion to compel responses to discovery requests and an attendant request for sanctions against Plaintiff JASON DEOCAMPO and his attorney of record, Benjamin Nisenbaum, for failing to respond to their discovery requests. Defendants' motion and request should

be denied because they never served their requests or attendant meet and confer correspondence to Plaintiff's actual attorney of record. As a result, Plaintiff's counsel never received Defendants discovery requests and was not aware that Defendants were making these entreaties until after they filed the instant motion. Given that notice of Defendants' discovery requests was improper, this Court should deny Defendant's motion to compel and particularly their request for sanctions.

## STATEMENT OF FACTS

Plaintiff's counsel Benjamin Nisenbaum has always been the attorney of record in this matter. (See e.g., Plaintiff's pleading and documents filed in this matter: Document 2 - Plaintiff's Complaint for Class Action and Individual Relief for Injuries and Violation of Civil Rights; Document 13 – Joint Status Report; Plaintiffs' Initial Disclosure Statement; see also Docket Report in this; attached as Exhibits A to the Nisenbaum Declaration.) To date, Plaintiff's counsel Benjamin Nisenbaum has not filed or requested a substitution of attorney.

Defendants' sent all of their discovery requests and made all attendant meet and confer attempts to attorney Dewitt Lacy. See Document 32-2 at p. 16, and Document 32-4. Attorney DeWitt Lacy is attorney of record for *DeoCampo, et. al. v. City of Vallejo, et. al*, case no. 2:06-cv-01283-WBS-GGH and at all relevant times was preparing for and in trial in this other matter. (See Docket Report for *DeoCampo et al., v. City of Vallejo et al*., Case No. 2:06-CV-01283-WBS-GGH, attached as Exhibit B to the Nisenbaum Declaration.)

## ARGUMENT

Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with a party failing to make disclosure or discovery. Fed.R.Civ.P. 37(a)(1); see also E.D. Cal. L.R. 37–251. Moreover, the Attorney of Record must treated as the attorney in case until a substitution of attorney request has been filed and approved by the Court. See L.R. 83–182(g) ("An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys.... All substitutions of attorneys shall require the approval of the Court...."); Cal.Civ.Proc.Code § 285 ("When an attorney is changed, as provided in the last section, written

notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney.")

   Attorney Benjamin Nisenbaum was the attorney of record in the instant matter. Defendants certainly knew this given the number of filings in this matter bearing his name and bar number. Plaintiff's attorney of record was never served with Defendants' discovery requests and Defendants' meet and confer attempts were similarly never addressed to him. As such, Plaintiff's counsel was completely unaware that Defendants had made these discovery requests and attempts at communication. Plaintiff, thereby, was not properly served Defendants' discovery requests. Although Defendants' discovery requests and correspondence was addressed to another attorney within the office, at all relevant times, that attorney was preparing for and in trial on another matter also bearing the title *DeoCampo v. City of Vallejo*.

   Given that Defendants' Motion to Compel should be denied for failure to properly serve their discovery requests on Plaintiff's attorney of record, Defendants' attendant request for sanctions should similarly be dismissed out of hand. Federal Rules of Civil Procedure, Rule 37(a)(5) provides that a party who *prevails* on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. (Emphasis added.) Defendant's motion to compel not does prevail, thereby sanctions should not be imposed on Plaintiff's attorney of record. In the alternative, an award of sanctions in this matter would be unjust. Plaintiff is prepared to respond to Defendants' discovery requests, now that he is aware that the requests have been made.[1]

---

[1] Note that both parties' counsel have met and conferred on the continuing viability of Plaintiff's allegations in light of the Supreme Court's holding in *Florence v. Board of Chosen Freeholders of County of Burlington,* 566 U.S. ___, 132 S.Ct. 1510 (2012,) finding Constitutional suspicionless jail strip searches of the same type alleged Plaintiff and potential class-members asserted in their Complaint.

## **CONCLUSION**

This Court should deny Defendants' Motion to Compel and attendant Request for Sanctions, as they failed to properly serve the discovery requests on Plaintiff's attorney of record, Benjamin Nisenbaum. Given that Mr. Nisenbaum was never alerted to Defendants' discovery requests, imposition of sanctions against him for failing to respond to the requests (he did not know were made) would be unconscionable. At this point, the parties should be allowed to sort out discovery between themselves.

Dated:  10/15/13                                  **THE LAW OFFICES OF JOHN L. BURRIS**


                                                  /s/*Benjamin Nisenbaum*_____
                                                  Ben Nisenbaum
                                                  Attorney for Plaintiff DEOCAMPO
                                                  and class members