**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:     FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVI

| | |
|---|---|
| JASON DEOCAMPO,<br><br>              Plaintiff,<br>     vs.<br><br>CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive,<br><br>              Defendants. | Case No.  2:07-CV-01348-JAM-EFB<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL**<br><br>**Date:**       October 30, 2013<br>**Time:**      10:00 a.m.<br>**Location:**  Courtroom 8<br>**Assigned:** Hon. Edmund F. Brennan |

## I.

## INTRODUCTION

Plaintiff Deocampo does not dispute the fact that he has failed to respond to Defendants' discovery requests (served on May 22, 2013) for almost six months.  Instead, he claims that he was not aware of the discovery requests until after Defendants filed the instant motion (September 6, 2013) because the discovery was not served on Plaintiff's attorney of record but rather another lawyer in the *same law firm*.  However,  Defendants' service was proper under Federal Rule of Civil Procedure 5(b)(2)(C), which provides that a "[p]aper is served under this rule by mailing it to the person's last known address-in which event service is complete upon mailing."  Although addressed to the wrong attorney, it is inconceivable to believe how Mr.

Nisenbaum did not receive Defendants' discovery when he and Mr. Lacy work at the same location of the four attorney law-firm. Even assuming Mr. Nisenbaum did not receive the discovery requests, he still has not explained why his client has failed to respond to discovery requests since September 6, 2013. Accordingly, Defendants request that their motion to compel discovery responses and request for sanctions be granted in the amount of $2,200.00.

## II.

### DEFENDANT'S SERVICE OF DISCOVERY REQUESTS WAS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2)(C)

Federal Rule of Civil Procedure 5(b)(2)(C) provides that a "[p]aper is served under this rule by mailing it to the person's last known address-in which event service is complete upon mailing."

Here, Defendants issued Written Interrogatories pursuant to FRCP 33 and Request for Production of Documents pursuant to FRCP 34 on May 22, 2013, by mailing these documents to Mr. Nisenbaum's work address (7677 Oakport Street, Suite 1120, Oakland, CA  94621). (*See* Furah Faruqui Declaration, at ¶2.) Although addressed to Mr. Lacy, these documents were sent to Mr. Nisenbaum's last known work address which is proper service under the Federal Rules. Moreover, it is inconceivable that Mr. Lacy would not have walked over the discovery to Mr. Nisenbaum as they work in the same small office, if it were not his case. This written discovery requested information related to the facts and circumstances of Plaintiff's complaint, information about medical treatment and other damages, documents supporting Plaintiff's claim and other basic information directly relevant to the claims herein. (*See* Furah Faruqui Declaration, at ¶2, at Exhibits A and B.)

Even assuming that Mr. Nisenbaum did not learn of the discovery requests until after the instant motion was filed (September 6, 2013), he has still made no effort to respond to Defendants' discovery requests. In fact, as of the date of this motion, the Defendants have not received any discovery responses from Plaintiff. (*See* Furah Faruqui Declaration, at ¶5.) As a result, the Defendants' efforts to prepare an informed defense have been thwarted. For this reason, an order to compel is just and proper.

## III.

## REQUEST FOR SANCTIONS

Pursuant to FRCP 37(a)(5)(A), a party may seek appropriate sanctions for having to file a motion to compel discovery. Defendants had no alternative but to file the within motion and have incurred substantial time and expense doing so. Attorneys' fees in the sum of $1000.00 have been incurred in the preparation of this motion. (*See* Furah Faruqui Declaration, at ¶6.) It is anticipated that an additional $1200.00 in attorneys' fees will be incurred for appearing and arguing this motion. (*See* Furah Faruqui Declaration, at ¶6.) The total of the foregoing is $2,200.00 and Defendants hereby request an order not only directing Plaintiff to respond to discovery requests, but to also pay Defendants sanctions in the sum of $2,200.00.

## IV.

## CONCLUSION

No satisfactory justification has been offered for Plaintiff's refusal to comply with discovery. As a result, Defendants have been forced to file the within motion and to incur the time and expense related thereto. Defendants are entitled to an order directing Plaintiff to respond to discovery and payment of sanctions in the sum of $2,200.00.

DATED: October 22, 2013                    Respectfully submitted,

*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,
G. MARCUS, T. NICHOLS and J. POTTS