# EXHIBIT

# A

1  **CLAUDIA M. QUINTANA**
2  City Attorney, SBN 178613
   **BY:   FURAH Z. FARUQUI**
3  Deputy City Attorney, SBN 233083
   **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA 94590
5  Tel:   (707) 648-4545
6  Fax:   (707) 648-4687

7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T.
8  NICHOLS and J. POTTS

9                    **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12  JASON DEOCAMPO,                         Case No.  2:07-CV-01348-JAM-EFB

13                    Plaintiff,

14         vs.                              **INTERROGATORIES**

15  CITY OF VALLEJO; ROBERT
    NICHELINI; G. MARCUS; T. NICHOLS;
16  J. POTTS; and DOES 1-100, inclusive,

17                    Defendants.

18

19  **PROPOUNDING PARTY:** DEFENDANT G. MARCUS

20  **RESPONDING PARTY:**   PLAINTIFF JASON DEOCAMPO

21  **SET NUMBER:**         ONE

22       Defendant  G.  MARCUS  hereby  propounds  interrogatories  to  Plaintiff  JASON
23  DEOCAMPO pursuant to the provisions of Federal Rules of Civil Procedure sections 26 and 33
24  and defendant alleges that the information requested is reasonably calculated to lead to the
25  discovery of admissible evidence at the time of trial and is not privileged.
26  //
27  //
28  //

---
Case No. 2:07-CV-01348-JAM-EFB                                **INTERROGATORIES**
                                   -1-

# DEFINITIONS

1.      For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of, a person or persons, please provide the following information:   the person's name, address (work and home), phone number (work and home).

2.      For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of a document, this shall mean, its date, its author or parties signatory, its addressee or recipient, number of pages, subject matter, name and address of each person having possession of the original or any copy.

4.      For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

**INTERROGATORY NO. 1:**

Please state any and all facts you possess regarding the alleged misconduct of defendant G. MARCUS on the night of the subject INCIDENT.

**INTERROGATORY NO. 2:**

Please state any and all witnesses with knowledge regarding the alleged misconduct of defendant G. MARCUS on the night of the subject INCIDENT.

**INTERROGATORY NO. 3:**

Please describe any and all documents you possess regarding the alleged misconduct of defendant G. MARCUS on the night of the subject INCIDENT.

**INTERROGATORY NO. 4:**

Itemize (name of provider, date of service) each medical expense which you or anyone acting on your behalf is claiming as damages arising out of the subject INCIDENT.

**INTERROGATORY NO. 5:**

Please state the amount actually accepted as full payment by each of your medical providers for the expenses incurred by you as a result of the subject INCIDENT.

//

//

**INTERROGATORY NO. 6**:

Please IDENTIFY the HEALTH CARE PROVIDER (i.e., Medicare, Medi-Cal) that made the payments identified in response to Interrogatory Nos. 4 and 5).

**INTERROGATORY NO. 7**:

Did you receive Medicare benefits for any of the injuries that you are claiming as a result of the subject INCIDENT?

**INTERROGATORY NO. 8**:

Please state the claim number issued by Medicare for any Medicare benefits you received as a result of your injuries sustained in the subject INCIDENT.

**INTERROGATORY NO. 9**:

Please state the name, address and telephone number of any individual(s) at Medicare that you have dealt with regarding Medicare benefits you received as a result of your injuries sustained in the subject INCIDENT.

**INTERROGATORY NO.10**:

If you received any Medicare benefits as a result of your injuries sustained in the subject INCIDENT, what is the total amount of the Medicare benefits received to date?

**INTERROGATORY NO. 11**:

Have you place Medicare on notice of this subject lawsuit?

**INTERROGATORY NO. 12**:

Do you attribute any loss of income or earning capacity to the subject INCIDENT? (*If you answer is "no," do not answer interrogatories 13 through 19*).

**INTERROGATORY NO. 13**:

Please state: (a) the nature of your work; (b) your job title at the time of the subject INCIDENT; and (c) the date your employment began.

**INTERROGATORY NO. 14**:

Please state the last date before the subject INCIDENT that you worked for compensation.

//

//

**INTERROGATORY NO. 15**:

Please state your monthly income at the time of the subject INCIDENT and how the amount was calculated.

**INTERROGATORY NO. 16**:

Please state the date you returned to work at each place of employment following the subject INCIDENT.

**INTERROGATORY NO. 17**:

Please state the dates you did not work and for which you lost income as a result of the subject INCIDENT.

**INTERROGATORY NO. 18**:

State the total income you have lost to date as a result of the subject INCIDENT and how the amount was calculated.

**INTERROGATORY NO. 19**:

Will you lose income in the future as a result of the subject INCIDENT?  If so, please state:  (a) the facts upon which you base this contention; (b) an estimate of the amount; (c) an estimate of how long you will be unable to work; and (d) how the claim for future income is calculated.

DATED:  May 22, 2013                    Respectfully submitted,

FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,
G. MARCUS, T. NICHOLS and J. POTTS

Case No. 2:07-CV-01348-JAM-EFB                                    **INTERROGATORIES**

-4-

1  **CLAUDIA M. QUINTANA**
2  City Attorney, SBN 178613
   **BY:    FURAH Z. FARUQUI**
3  Deputy City Attorney, SBN 233083
   **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA  94590
5  Tel:    (707) 648-4545
6  Fax:    (707) 648-4687

7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T.
8  NICHOLS and J. POTTS

9                 **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12 JASON DEOCAMPO,                       Case No.  2:07-CV-01348-JAM-EFB

13              Plaintiff,
       vs.
14

15 CITY OF VALLEJO; ROBERT              **INTERROGATORIES**
   NICHELINI; G. MARCUS; T. NICHOLS;
16 J. POTTS; and DOES 1-100, inclusive,

17              Defendants.

18

19 **PROPOUNDING PARTY:** DEFENDANT R. NICHELINI

20 **RESPONDING PARTY:**    PLAINTIFF JASON DEOCAMPO

21 **SET NUMBER:**            ONE

22        Defendant  R.  NICHELINI  hereby  propounds  interrogatories  to  Plaintiff  JASON

23 DEOCAMPO pursuant to the provisions of Federal Rules of Civil Procedure sections 26 and 33

24 and defendant alleges that the information requested is reasonably calculated to lead to the

25 discovery of admissible evidence at the time of trial and is not privileged.

26 //

27 //

28 //

---

Case No. 2:07-CV-01348-JAM-EFB                          **INTERROGATORIES**
                              -1-

# DEFINITIONS

1.     For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of, a person or persons, please provide the following information:   the person's name, address (work and home), phone number (work and home).

2.     For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of a document, this shall mean, its date, its author or parties signatory, its addressee or recipient, number of pages, subject matter, name and address of each person having possession of the original or any copy.

4.     For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

## INTERROGATORY NO. 1:

Please state:  (a) your name; (b) every name you have used in the past; and (c) the dates you used each name.

## INTERROGATORY NO. 2:

Please state the date and place of your birth.

## INTERROGATORY NO. 3:

At the time of the subject INCIDENT, did you have a driver's license?  If so, please state:  (a) the state or other issuing entity; (b) the license number and type; (c) the date of issuance; and (d) all restrictions.

## INTERROGATORY NO. 4:

At the time of the subject INCIDENT, did you have any other permit or license for the operation of a motor vehicle?  If so, please state:  (a) the state or other issuing entity; (b) the license number and type; (c) the date of issuance; and (d) all restrictions.

## INTERROGATORY NO. 5:

Please state:  (a) your present residence ADDRESS; (b) your residence ADDRESSES for the past five years; and (c) the dates you lived at each ADDRESS.

/ /

1  **INTERROGATORY NO. 6**:

2  Please state:  (a) the name, ADDRESS, and telephone number of your present employer or place

3  of self-employment; and (b) the name, ADDRESS, dates of employment, job title, and nature of

4  work for each employer or self-employment you have had from five years before the INDICENT

5  until today.

6  **INTERROGATORY NO. 7**:

7  Please state:  (a) the name and ADDRESS of each school or other academic or vocational

8  institution you have attended, beginning with high school; (b) the dates you attended, (c) the

9  highest grade level you have completed; and (d) the degrees received.

10  **INTERROGATORY NO. 8**:

11  Have you ever been convicted of a felony?  If so, for each conviction, please state:  (a) the city

12  and state where you were convicted; (b) the date of conviction; (c) the offense; and (d) the court

13  and case number.

14  **INTERROGATORY NO. 9**:

15  Can you speak English with ease?  If not, what language and dialect do you normally use?

16  **INTERROGATORY NO. 10**:

17  Can you read and write English with ease?  If not, what language and dialect do you normally

18  use?

19  **INTERROGATORY NO. 11**:

20  At the time of the subject INCIDENT were you acting as an agent or employee for any

21  PERSON?  If so, please state:  (a) the name, ADDRESS, and telephone number of that

22  PERSON; and (b) a description of your duties.

23  **INTERROGATORY NO. 12**:

24  At the time of the subject INCIDENT did you or any other person have any physical, emotional,

25  or mental disability or condition that may have contributed to the occurrence of the subject

26  INCIDENT?  If so, for each person, please state:  (a) the name, ADDRESS, and telephone

27  number; (b) the nature of the disability or condition; and (c) the manner in which the disability or

28  condition contributed to the occurrence of the subject INCIDENT.

---

**INTERROGATORY NO. 13**:

Within 24 hours before the subject INCIDENT did you or any person involved in the subject INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state: (a) the name, ADDRESS, and telephone number; (b) the nature or description of each substance; (c) the quantity of each substance used or taken; (d) the date and time of day when each substance was used or taken; (e) the ADDRESS where each substance was used or taken; (f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and (g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**INTERROGATORY NO. 14**:

Please state any and all facts you possess regarding the alleged misconduct of defendant R. NICHELINI on the night of the subject INCIDENT.

**INTERROGATORY NO. 15**:

Please state any and all witnesses with knowledge regarding the alleged misconduct of defendant R. NICHELINI on the night of the subject INCIDENT.

**INTERROGATORY NO. 16**:

Please describe any and all documents you possess regarding the alleged misconduct of defendant R. NICHELINI on the night of the subject INCIDENT.

**INTERROGATORY NO. 17**:

Please state any and all facts you possess regarding the alleged injury you suffered on the night of the subject INCIDENT.

**INTERROGATORY NO. 18**:

Please state any and all witnesses with knowledge regarding the alleged injury you suffered on the night of the subject INCIDENT.

//

//

**INTERROGATORY NO. 19**:

Do you attribute any physical, mental, or emotional injuries to the subject INCIDENT?  (*If your answer is "no," do not answer interrogatories 20 through 25*).

**INTERROGATORY NO. 20**:

Identify each injury you attribute to the subject INCIDENT and the area of your body affected.

**INTERROGATORY NO. 21**:

Do you still have any complaints that you attribute to the subject INCIDENT?  If so, for each complaint state:  (a) a description; (b) whether the complaint is subsiding, remaining the same, or becoming worse; and (c) the frequency and duration.

**INTERROGATORY NO. 22**:

Did you receive any consultation or examination or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the subject INCIDENT?  If so, for each HEALTH CARE PROVIDER state:  (a) the name, ADDRESS, and telephone number; (b) the type consultation, examination, or treatment provided; (c) the dates you received consultation, examination, or treatment; and (d) the charges to date.

**INTERROGATORY NO. 23**:

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the subject INCIDENT?  If so, for each medication state:  (a) the name; (b) the PERSON who prescribed or furnished it; (c) the date is was prescribed or furnished; (d) the dates you began and stopped taking it; and (e) the cost to date.

**INTERROGATORY NO. 24**:

Are there any other medical services necessitated by the injuries that you attribute to the subject INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)?  If so, for each service state:  (a) the nature; (b) the date; (c) the cost; and (d) the name, ADDRESS, and telephone number of each provider.

**INTERROGATORY NO. 25**:

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the subject INCIDENT?  If so, for each injury

1   state:  (a) the name and ADDRESS of each HEALTH CARE PROVIDER; (b) the complaints for

2   which the treatment was advised; and (c) the nature, duration, and estimated cost of the

3   treatment.

4

5   DATED:  May 22, 2013                        Respectfully submitted,

6

7                                              _____

8                                              FURAH Z. FARUQUI
                                               Deputy City Attorney
9                                              Attorney for Defendants,
                                               CITY OF VALLEJO, ROBERT NICHELINI,
10                                             G. MARCUS, T. NICHOLS and J. POTTS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **CLAUDIA M. QUINTANA**
2  City Attorney, SBN 178613
   **BY:   FURAH Z. FARUQUI**
3  Deputy City Attorney, SBN 233083
   **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA  94590
5  Tel:   (707) 648-4545
6  Fax:   (707) 648-4687

7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T.
8  NICHOLS and J. POTTS

9              **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12  JASON DEOCAMPO,                          Case No.  2:07-CV-01348-JAM-EFB

13                   Plaintiff,
14        vs.                               **INTERROGATORIES**

15  CITY OF VALLEJO; ROBERT
    NICHELINI; G. MARCUS; T. NICHOLS;
16  J. POTTS; and DOES 1-100, inclusive,

17                   Defendants.

18

19  **PROPOUNDING PARTY:** DEFENDANT T. NICHOLS

20  **RESPONDING PARTY:**   PLAINTIFF JASON DEOCAMPO

21  **SET NUMBER:**          ONE

22        Defendant  T.  NICHOLS  hereby  propounds  interrogatories  to  Plaintiff  JASON
23  DEOCAMPO pursuant to the provisions of Federal Rules of Civil Procedure sections 26 and 33
24  and defendant alleges that the information requested is reasonably calculated to lead to the
25  discovery of admissible evidence at the time of trial and is not privileged.
26  //
27  //
28  //

___

Case No. 2:07-CV-01348-JAM-EFB                          **INTERROGATORIES**
                              -1-

## DEFINITIONS

1.    For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of, a person or persons, please provide the following information:  the person's name, address (work and home), phone number (work and home).

2.    For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of a document, this shall mean, its date, its author or parties signatory, its addressee or recipient, number of pages, subject matter, name and address of each person having possession of the original or any copy.

4.    For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

**INTERROGATORY NO. 1**:

Please state any and all facts you possess regarding the alleged misconduct of defendant T. NICHOLS on the night of the subject INCIDENT.

**INTERROGATORY NO. 2**:

Please state any and all witnesses with knowledge regarding the alleged misconduct of defendant T. NICHOLS on the night of the subject INCIDENT.

**INTERROGATORY NO. 3**:

Please describe any and all documents you possess regarding the alleged misconduct of defendant T. NICHOLS on the night of the subject INCIDENT.

DATED: May 22, 2013          Respectfully submitted,

                              FURAH Z. FARUQUI
                              Deputy City Attorney
                              Attorney for Defendants,
                              CITY OF VALLEJO, ROBERT NICHELINI,
                              G. MARCUS, T. NICHOLS and J. POTTS

1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY:   FURAH Z. FARUQUI**
   Deputy City Attorney, SBN 233083
3  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA 94590
5  Tel:   (707) 648-4545
   Fax:   (707) 648-4687
6
7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T.
8  NICHOLS and J. POTTS

9               **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12 JASON DEOCAMPO,                          Case No.  2:07-CV-01348-JAM-EFB

13                    Plaintiff,

14       vs.                               **INTERROGATORIES**

15 CITY OF VALLEJO; ROBERT
   NICHELINI; G. MARCUS; T. NICHOLS;
16 J. POTTS; and DOES 1-100, inclusive,

17                    Defendants.

18

19 **PROPOUNDING PARTY:** DEFENDANT J. POTTS

20 **RESPONDING PARTY:**   PLAINTIFF JASON DEOCAMPO

21 **SET NUMBER:**         ONE

22       Defendant J. POTTS hereby propounds interrogatories to Plaintiff JASON DEOCAMPO

23 pursuant to the provisions of Federal Rules of Civil Procedure sections 26 and 33 and defendant

24 alleges that the information requested is reasonably calculated to lead to the discovery of

25 admissible evidence at the time of trial and is not privileged.

26 //

27 //

28 //

Case No. 2:07-CV-01348-JAM-EFB            -1-                    **INTERROGATORIES**

## DEFINITIONS

1.      For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of, a person or persons, please provide the following information:  the person's name, address (work and home), phone number (work and home).

2.      For the purpose of these interrogatories, when asked to "**IDENTIFY**" or provide the "**IDENTITY**" of a document, this shall mean, its date, its author or parties signatory, its addressee or recipient, number of pages, subject matter, name and address of each person having possession of the original or any copy.

4.      For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

**INTERROGATORY NO. 1**:

Please state any and all facts you possess regarding the alleged misconduct of defendant J. POTTS on the night of the subject INCIDENT.

**INTERROGATORY NO. 2**:

Please state any and all witnesses with knowledge regarding the alleged misconduct of defendant J. POTTS on the night of the subject INCIDENT.

**INTERROGATORY NO. 3**:

Please describe any and all documents you possess regarding the alleged misconduct of defendant J. POTTS on the night of the subject INCIDENT.


DATED:  May 22, 2013                         Respectfully submitted,

FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,
G. MARCUS, T. NICHOLS and J. POTTS

Case No. 2:07-CV-01348-JAM-EFB                              **INTERROGATORIES**

# EXHIBIT

# B

**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:    FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JASON DEOCAMPO, | Case No.  2:07-CV-01348-JAM-EFB |
| Plaintiff, | |
| vs. | **REQUEST FOR PRODUCTION OF DOCUMENTS** |
| CITY OF VALLEJO; ROBERT NICHELINI; G. MARCUS; T. NICHOLS; J. POTTS; and DOES 1-100, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:** Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS

**RESPONDING PARTY:**    PLAINTIFF JASON DEOCAMPO

**SET NUMBER:**          ONE

      Pursuant to Federal Rules of Civil Procedure sections 26 and 34, Defendants, CITY OF VALLEJO, ROBERT NICHELINI, G. MARCUS, T. NICHOLS and J. POTTS request that Plaintiff produce and permit inspection and photocopying of all of the documents which are described below in this set of requests for production of documents.    Inspection and photocopying will take place on June 26, 2013, at 10:00 a.m., at the Office of the City Attorney,

City of Vallejo, 555 Santa Clara Street, Third Floor, Vallejo, California 94590, and shall continue from day to day under such terms and conditions as are just and reasonable. In lieu of the above inspection, Plaintiff may comply with this Request by providing legible photocopies of all responsive documents on or before the scheduled inspection date. Defendant reserves the right to inspect the original of any document so produced.

Documents produced in response to this Request for Production of Documents and Things must be produced either (1) as they are kept in the usual course of business; or (2) organized and labeled to correspond with the categories in the request.

## I.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be considered applicable with respect to each request for production of documents contained herein:

1.      **DOCUMENT**. As used herein, "**DOCUMENT**" shall be understood to apply to any kind of written, typewritten, printed or recorded material whatsoever, including, but without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, and business records and shall include, without limitation, originals, duplicates, all file copies, all letter copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips, photographs, audio and video tapes, computer generated data or information and similar materials.

2.      **POSSESSION, CUSTODY OR CONTROL**. Each request extends to any documents in the **POSSESSION, CUSTODY OR CONTROL**, if it is in the Plaintiff's physical custody, or if it is in the physical custody or any other person and Plaintiff (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that Plaintiff may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such documents when Plaintiff has sought to do so. Such document shall include, without limitation, documents that are in the custody of Plaintiff's agents, past or present, including Plaintiff's spouse.

Case No. 2:07-CV-01348-JAM-EFB

REQUEST FOR PRODUCTION
OF DOCUMENTS

3.     **YOU or PLAINTIFF.**  As used herein, the term "**YOU**" or "**PLAINTIFF**" shall be deemed to include Plaintiff, Plaintiff's spouse or other agents.

4.     For the purpose of this request, "**INCIDENT**" refers to the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

5.     Whenever used herein, the singular shall include the plural and vice versa.

6.     Whenever used herein, "**AND**" may be understood to mean "**OR**" and vice versa whenever such construction results in a broader request for information.

7.     With respect to each document to which a claim of privilege is asserted, separately state the following:  (a) the type of document; (b) its date; (c) the name, business address and present position of its originator(s); (d) the position of its originator(s) or author(s) at the time the document was prepared; (e) the name, business address and present position of each recipient of the document; (f) the position of each recipient at the time the document was prepared, and the time it was received; (g) a general description of the subject matter of the document; (h) the basis of any claim of privilege; and (i) if work product immunity is asserted, the proceeding for which the document was prepared.

8.     **COMPLAINT.**  As used herein, "**COMPLAINT**" refers to Plaintiff's Complaint filed in this action.

**II.**

**REQUESTS**

**REQUEST NO. 1**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant R. Nichelini on the night of the subject INCIDENT.

**REQUEST NO. 2**:

Please produce any and all documents you possess regarding the alleged misconduct of defendant G. Marcus on the night of the subject INCIDENT.

//

//

---

Case No. 2:07-CV-01348-JAM-EFB

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1

2 **REQUEST NO. 3**:

3 Please produce any and all documents you possess regarding the alleged misconduct of
defendant T. Nichols on the night of the subject INCIDENT.

4 **REQUEST NO. 4**:

5 Please produce any and all documents you possess regarding the alleged misconduct of

6 defendant J. Potts on the night of the subject INCIDENT.

7 **REQUEST NO. 5**:

8 Please produce any and all statements of witnesses with knowledge regarding the alleged

9 misconduct of defendant R. Nichelini on the night of the subject INCIDENT.

10 **REQUEST NO. 6**:

11 Please produce any and all statements of witnesses with knowledge regarding the alleged

12 misconduct of defendant G. Marcus on the night of the subject INCIDENT.

13 **REQUEST NO. 7**:

14 Please produce any and all statements of witnesses with knowledge regarding the alleged

15 misconduct of defendant T. Nichols on the night of the subject INCIDENT.

16 **REQUEST NO. 8**:

17 Please produce any and all statements of witnesses with knowledge regarding the alleged

18 misconduct of defendant J. Potts on the night of the subject INCIDENT.

19 **REQUEST NO. 9**:

20 Please produce any and all documents reflecting injuries you claim to have sustained due to the

21 subject INCIDENT.

22 **REQUEST NO. 10**:

23 Please produce any and all documents reflecting medical expenses you claim to have incurred

24 due to the subject INCIDENT.

25 //

26 //

27 //

28 //

---

Case No. 2:07-CV-01348-JAM-EFB

-4-

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1

**REQUEST NO. 11**:

2

Please produce any and all documents reflecting lost earnings you claim to have incurred due to

3

the subject INCIDENT.

4

5

DATED:  May 22, 2013                                    Respectfully submitted,

6

7

8

FURAH Z. FARUQUI
Deputy City Attorney

9

Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,

10

G. MARCUS, T. NICHOLS and J. POTTS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:07-CV-01348-JAM-EFB                          **REQUEST FOR PRODUCTION**
                                                        **OF DOCUMENTS**

-5-

PROOF OF SERVICE

*Deocampo v. City of Vallejo, et al.*
**USDC, Eastern District, Sacramento Div, Case No. 2:07-CV-01348-JAM-EFB**

I am over the age of 18 and not a party to the within entitled action. I am employed as a Legal Secretary for the City Attorney's Office, City of Vallejo and my business address is City Hall, 555 Santa Clara Street, Vallejo, California 94590.

On the date set forth below, I served the document(s) herein on all interested parties to said action by the following means:

[X]   **BY MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, at the Office of the City Attorney, City of Vallejo, City hall, 555 Santa Clara Street, Vallejo, CA 94590, addressed as shown below. I am readily familiar with the City government's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the United States Postal Service on that same day it was placed for collection and processing, with postage thereon fully prepaid, in the ordinary course of business. Said envelope was addressed to the parties as shown below.

[ ]   **BY PERSONAL SERVICE:** By causing a true copy thereof to be delivered by hand to the office of the person(s) as shown below.

[ ]   **BY ELECTRONIC TRANSMISSION:** By sending a true copy thereof via e-mail to the person(s) at the e-mail address(es) as shown below. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

DOCUMENT(S) SERVED:   **INTERROGATORIES, SET ONE (J. POTTS); INTERROGATORIES, SET ONE (T. NICHOLS); INTERROGATORIES, SET ONE (R. NICHELINI); INTERROGATORIES, SET ONE (G. MARCUS); REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

ADDRESSEE(S):   **SEE ATTACHED**

I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on this 22nd day of May 2013, at Vallejo, California.

VANESSA GARCIA, Declarant

**PROOF OF SERVICE**
**-1-**

<u>PROOF OF SERVICE – ATTACHMENT</u>

***Deocampo v. City of Vallejo, et al.***
**USDC, Eastern District, Sacramento Div, Case No. 2:07-CV-01348-JAM-EFB**

**DEWITT M. LACY, ESQ.**
**The Law Offices of John L. Burris**
**Airport Corporate Center**
**7677 Oakport Street, Suite 1120**
**Oakland, CA  94621**
**Tel:   (510) 839-5200**
**Fax:   (510) 839-3882**
**E-mail:**

***Counsel for Plaintiff:***

**JASON DEOCAMPO**

# EXHIBIT

# C



City of
VALLEJO
California

City Attorney's Office · 555 Santa Clara Street · Vallejo · CA · 94590 · 707.648.4545

July 23, 2013

VIA FIRST CLASS MAIL & ELECTRONIC MAIL
DeWitt M. Lacy, Esq.
The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA  94621
Email:  Dewitt.Lacy@Johnburrislaw.com

Re:    *DEOCAMPO v. CITY OF VALLEJO, et al.*
        **USDC, ED, Sacramento Div, Case No. 2:07-CV-01348-JAM-EFB**
        **FRCP 37 Meet & Confer**

Dear Mr. Lacy:

As you know this office represents Defendants City of Vallejo, R. Nichelini, J. Potts, T. Nichols, G. Marcus.  My office issued discovery to Plaintiff Jason DeoCampo on May 15, 2013.   Specifically, we issued written Interrogatories (FRCP 33) (for each propounding party:  R. Nichelini, J. Potts, T. Nichols, G. Marcus) and Request for Production of Documents (FRCP 34) to Plaintiff.

Your clients' verified responses were due on June 26, 2013.  As of this date, we have not received any responses or requests for extensions.  As a result, all objections are deemed waived pursuant to FRCP 33(b)(4).

**Please provide verified responses to the written discovery propounded on your clients no later than August 2, 2013; otherwise, we will move to compel the discovery responses.**

**Mr. DeWitt M. Lacy, Esq.**
**Re:   *DEOCAMPO v. CITY OF VALLEJO, et al.*, Case No. 2:07-CV-01348-JAM-EFB**
**       FRCP 37 Meet & Confer**
**July 23, 2013**
**Page 2**

Thank you for your anticipated cooperation.

Sincerely,

CLAUDIA M. QUINTANA
City Attorney

FURAH Z. FARUQUI
Deputy City Attorney